**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **KENNETH JANES,** | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. ________________ |
| | ) |
| v. | ) District Judge ________________ |
| | ) Magistrate Judge _______________ |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | ) |
| | ) |
| | ) |
| Defendant. | ) |

---

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

---

Pursuant to 28 U.S.C. § 1446, Defendant The Lincoln National Life Insurance Company ("Lincoln"), hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441, and states the following grounds for removal:

1. The removed action is styled *Kenneth Janes v. The Lincoln National Life Insurance Company*. and was originally filed on or about January 23, 2020, in the Circuit Court for Knox County, Tennessee, Case No. 3-23-20 (the "State Action"). Attached to this Notice as Exhibit A are copies of all documents filed in the State Action:

- Complaint, filed on 1/23/2020;
- Summons served on Defendant on 1/31/2020; and
- Plaintiff's First Set of Interrogatories and First Request for Production of Documents filed on 1-23-20.

2. Lincoln was served with the State Action Summons and Complaint through the State of Tennessee Department of Commerce and Insurance on January 31, 2020. This Notice of

Removal is being filed with this Court within thirty (30) days of service. Therefore, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

3. This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

4. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

5. In the State Action, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Love's Travel Stops & Country Stores, Inc.[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiffs in the State Action are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff alleges violations of 29 U.S.C. § 1132(a)."[2] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this

[1] Complaint at ¶ 6.
[2] Complaint at ¶ 19.

ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

6. Liberty Life submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

7. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

8. A copy of this Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice to be filed in State Court is attached as Exhibit B.

9. By copy of this document and in accordance with the Certificate of Service, Lincoln is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Life gives notice that the referenced action pending in the Circuit Court of Knox County, Tennessee has been removed to this Court.

Dated: March 2, 2020

Respectfully submitted,

s/ Lauren A. Wong

Lauren A. Wong (TN # 028118)*
Russell, Oliver & Stephens, PLC
5178 Wheelis Drive
Memphis, TN 38117
Telephone: (901) 844-4441
Facsimile: (901) 844-4435
laurenw@roslawgroup.com

ATTORNEYS FOR DEFENDANT.

* Motion to appear *pro hac vice* to be filed.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Parties of Record, or will be served via U.S. Mail, postage prepaid, upon all others:

Ameesh A. Kherani, Esq.
Kherani | Dunaway, PLLC
2620 Mineral Springs Avenue, Suite A
Knoxville, Tennessee 37917
e-mail: akherani@kheranilaw.com

s/ Lauren A. Wong
Lauren A. Wong