# EXHIBIT A TO
# NOTICE OF REMOVAL

## State Court Documents Served on
## The Lincoln National Life Insurance Co.

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE

FILED
CHARLES D. SUSANO III
CLERK
2020 JAN 23 AM 10:00
KNOX COUNTY CIRCUIT, CIVIL SESSIONS AND JUVENILE COURTS

| | | |
|---|---|---|
| KENNETH JANES, | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 3-23-20 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| Defendant | ) | |

**COMPLAINT**

Comes the Plaintiff, and would show unto the Court the following:

1. The Plaintiff is and at all times mentioned herein was a citizen and resident of Knox County, Tennessee.

2. The Defendant, The Lincoln National Life Insurance Company, is and at all times mentioned herein was a foreign insurance carrier with offices in Fort Wayne, Indiana. However, process should be served through the Commissioner of Commerce and Insurance for the State of Tennessee, Nashville, Tennessee on this foreign insurance company transacting business in the State of Tennessee.

3. At all times mentioned herein the Defendant, Lincoln National Life Insurance Company, provided a policy of insurance to Love's Travel Stops & Country Stores, Inc., who was otherwise the Plaintiff's Employer.

4. The Plaintiff, Kenneth James, was previously employed as a Truck Driver for Love's Travel Stops & Country Stores, Inc.

EXHIBIT
A

5. The Plaintiff suffers from lumbar back pain, more specifically, Plaintiff suffers from disc protrusions at L4-L5 and L5-S1 in addition to retrolisthesis of same. In addition, Plaintiff also suffers from multiple lumbar and lumbosacral radiculopathies involving left L4, L5 and S1 nerve roots. As a result of Plaintiff's physical injury, the Plaintiff was unable to return to work rendering him disabled and entitled to benefits pursuant to the short-term/long-term disability policy afforded to the Plaintiff by the Defendant, Lincoln National Life Insurance Company.

6. As part of the Plaintiff's employment benefits with his Employer, Love's Travel Stops & Country Stores, Inc., the Plaintiff was the beneficiary of a short-term/long-term disability plan, Policy Number 00050022379400000, issued to the Plaintiff's Employer, Love's Travel Stops & Country Stores, Inc. by the Defendant, Lincoln National Life Insurance Company.

7. Pursuant to said short-term/long-term disability policy, the Plaintiff made a claim for benefits thereunder. However, by correspondence dated July 7, 2019, the Defendant denied the Plaintiff's claim for disability benefits, alleging that the Plaintiff's condition somehow did not provide consistent or compelling evidence of functional impairment due to his physical injury when contrary to said denial, the Plaintiff's treating physician, Dr. Johnson, placed medical restrictions on Plaintiff's activities, which Plaintiff's employer, Love's Travel Stops & Country Stores, Inc., could not accommodate, thus rendering Plaintiff totally disabled from performing the duties of his occupation. Plaintiff appealed Defendant's unilateral decision, however, was once again denied disability benefits on October 21, 2019. Plaintiff has now exhausted all administrative appeals, and this matter is now ripe for filing with this Court.

8. Plaintiff would show unto the Court that relying on a records review performed by a "health care consultant", Amy M., RN, who unilaterally concluded that somehow, the Plaintiff's

condition did not provide consistent or compelling evidence of functional impairment due to physical injury, even though medical evidence to the contrary was provided. Relying upon Amy M.'s opinion, Plaintiff's disability claim was denied, such that a conclusion was made by Defendant that the Plaintiff somehow was not entitled to benefits pursuant to the short-term/long-term disability policy provided by the Defendant, Lincoln National Life Insurance Company.

9. The Plaintiff would show unto the Court that the decision by the Defendant through its agents, servants, and employees was arbitrary and capricious and was made without any consideration of the medical information previously submitted by the Plaintiff during his appeal.

10. The Defendant related to the Plaintiff that Defendant's decision was final and could not be appealed further as all administrative remedies were exhausted and this matter was ripe for filing with this Court.

11. The Defendant failed and refused to give any consideration to medical evidence previously submitted by the Plaintiff and the failure of the Defendant to consider this medical information was a breach of the Defendant's fiduciary duties to actively help and assist the Plaintiff in the perfection of his claim.

12. That the Plaintiff, Kenneth Janes, has remained disabled from any gainful occupation through the present.

13. That Defendant, through its agents, servants and employees, had the Plaintiff's claim reviewed by its own consultant who determined that the Plaintiff was not disabled, or that the Plaintiff's condition somehow did not provide consistent or compelling evidence of functional impairment due to physical injury, and the Defendant's failed and refused to give proper consideration to the Plaintiff's treating physicians and the relevant diagnostic studies.

14. That the Defendant's failure and refusal to provide payment of the Plaintiff's disability benefits is a breach of the Defendant's fiduciary responsibilities to assist the Plaintiff in the perfection of his claim.

15. That the Defendant's failure and/or refusal to properly investigate the Plaintiff's claim, and the Defendant's failure to give equal consideration to the Plaintiff's physicians is such action as to constitute bad faith and such action as to produce arbitrary and capriciousness on the part of the Defendant that the Plaintiff is entitled to have the Defendant's denial of his benefits set aside.

16. That the Defendant's decision to deny the Plaintiff's benefits was erroneous, not supported by substantial medical evidence, was arbitrary, capricious, and the Defendant's actions were otherwise taken in bad faith without adequate consideration given to the Plaintiff's treating physicians.

17. That the Plaintiff has otherwise exhausted all of the remedies to which she was aware for obtaining disability benefits.

18. The Defendant knew and/or exercising reasonable care should have known that its failure to provide assistance to the Plaintiff would cause the Plaintiff extreme difficulty and economic hardship, and that the Defendant's failure and refusal to pay the Plaintiff disability benefits would result in economic consequences to the Plaintiff.

19. The Plaintiff avers that the Defendant violated the following statutes which are incorporated fully herein by reference and will be read in their entirety at the trial of this cause to wit:

29 U.S.C. §1109 – Liability or Breach of Fiduciary Duty

29 U.S.C. §1132(a) – Civil Enforcement

20. As a result of the violation of the above described statutes and as a result of the breach of

the Defendant's fiduciary duties otherwise owed to the Plaintiff, and as a result of a breach of contract by the Defendant, the Plaintiff has suffered a loss of benefits and additional damages including but not limited to claims for damages for pre-judgment interest, attorney fees and costs incidental to the prosecution of this cause of action.

**WHEREFORE**, the Plaintiff demands:

1. That proper process issue and be served upon the Defendant requiring the Defendant to answer this Complaint within the time required by law, but not under oath, its oath being waived.
2. That this Court construe the rights and responsibilities of the parties.
3. That the Plaintiff be awarded such compensatory damages to which the Plaintiff may be entitled under the law and evidence not to exceed One Hundred Fifty Thousand Dollars ($150,000.00)
4. That the Plaintiff be awarded attorney fees and expense incidental to the prosecution of this action pursuant to 29 U.S.C. §1132(g) and that the Plaintiff be awarded such further and general relief to which he may be entitled under the law and evidence.

**KENNETH JANES**

Kenneth Janes By [signature] his attorney

BY:______________________________

Ameesh A. Kherani, Esquire, BPR 030218
Attorney for Plaintiff
Kherani Dunaway, PLLC
2620 Mineral Springs Avenue, Suite A
Knoxville, Tennessee 37917
Telephone: (865) 777-0786
Facsimile: (865) 622-8887
Email: akherani@kheranilaw.com

## COST BOND

FILED
CHARLES D. SUSANO III
CLERK
2020 JAN 23 AM 10:00
KNOX COUNTY CIRCUIT, CIVIL SESSIONS & JUVENILE COURTS

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120.

**KENNETH JANES**

Kenneth Janes By [signature] his attorney

Principal
2914 Cambridge Shores Lane
Knoxville, TN 37938

[signature]

Surety
Ameesh A. Kherani, Esquire
Kherani | Dunaway, PLLC
2620 Mineral Springs Avenue, Suite A
Knoxville, Tennessee 37917
Telephone: (865) 777-0786
Facsimile: (865) 622-8887
Email: akherani@kheranilaw.com

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE

FILED 2020 JAN 23 AM 10:00 CHARLES D. SUSANO III CLERK KNOX COUNTY CIRCUIT, CIVIL SESSIONS AND JUVENILE COURTS

| | | |
|---|---|---|
| **KENNETH JANES,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** 3-23-20 |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| **Defendant** | ) | |

are hereby summoned and required to serve upon Ameesh A. Kherani, whose address is 2620 Mineral Springs Avenue, Suite A, Knoxville, Tennessee 37917, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 23 day of January, 2020.

Witness, Clerk of said court, at office in Knoxville, Tennessee.

Charles D. Susano III
Clerk

Deputy Clerk

**NOTICE**

TO THE DEFENDANT: **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. TCA §26-2-114.

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## SERVICE INFORMATION

To the process server: Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** may be served through the State of Tennessee Department of Insurance, Commissioner of Commerce and Insurance for the State of Tennessee, Nashville, Tennessee

## RETURNED

I received this summons on the ____ day of _____________, 2020.

I hereby certify and return that on the ____ day of _____________, 2020, I:

( ) served this summons and a complaint on Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** in the following manner:
______________________________________________________________
______________________________________________________________

( ) failed to serve this summons within 30 days after its issuance because:
______________________________________________________________
______________________________________________________________

______________________________
Process Server

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE

FILED
2020 JAN 23 AM 10: 00
KNOX COUNTY CIRCUIT
CIVIL SESSIONS
JUVENILE COURT

| | | |
|---|---|---|
| KENNETH JANES,<br><br>Plaintiff<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3-23-20 |

**PLAINTIFF'S FIRST INTERROGATORIES AND FIRST**
**<u>REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT</u>**

Please take notice that the Plaintiff hereby requests the named Defendant, pursuant to Rules 33 and 34 of the Tennessee Rules of Civil Procedure, to answer the following Interrogatories and Request for Production of Documents within 45 days of the date of service hereof..

**INTERROGATORY #1:**

Please identify yourself, stating your name, address, and company position you hold with the Defendants.

**ANSWER:**

**INTERROGATORY #2:**

What investigative reports were obtained by the Defendant prior to the Defendant's refusal to pay the Plaintiff's benefits in this matter?

**ANSWER:**

**INTERROGATORY #3:**

If you will do so without a Motion to Produce, attach copies of all investigative reports, intra-

office and intra-department memoranda and the administrative record regarding your investigation of this matter.

**ANSWER:**

**INTERROGATORY #4:**

State the name, address, and company position of the individuals who made the determination or failed to make the determination with regard to the payment of the Plaintiff's claim.

**ANSWER:**

**INTERROGATORY #5:**

State the names, addresses, and company positions of the individuals in charge of processing the Plaintiff's claim.

**ANSWER:**

**INTERROGATORY #6:**

State the reasons for the Defendant's denial and/or refusal to pay the Plaintiff's claims in this matter.

**ANSWER:**

**INTERROGATORY #7:**

Has the Defendant or anyone acting on behalf of the Defendant obtained statements in any form from any persons regarding the claims of the Plaintiff which are the subject of this litigation?

**ANSWER:**

**INTERROGATORY #8:**

If your answer to the preceding interrogatory is in the affirmative, please state:

(a) The name, address, and telephone number of each person from whom such statement was taken;

(b) The date when such statement was taken;

(c) Indicate whether such statement was taken in writing, orally, and/or by recording device;

(d) The name, address, and telephone number of the person who took such statement; and,

(e) The name, address, and telephone number of the person or persons who have custody or possession of each such statement.

**ANSWER:**

**INTERROGATORY #9:**

If you will do so without a Motion to Produce, attach a copy of each such statement as previously described in the answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY #10:**

Please describe any and all communications which have been made between the Defendants and/or any of their fiduciaries or plan administrators concerning disability entitlement to the Plaintiff as an employee of the Defendant.

**ANSWER:**

**INTERROGATORY #11:**

If you will do so without a Motion to Produce, attach a copy of any and all correspondence, including contracts, written agreements, and/or other communications between the Defendants and their agents, servants, and employees or fiduciaries, including the policy or policies of insurance which are the subject of this litigation since the inception of the Defendants' group coverage.

**ANSWER:**

**INTERROGATORY #12:**

Identify the person or entity responsible for hiring an administrator to administer the plan which is the subject of this litigation. Your answer should include, but is not limited to, a description of all facts or reasons for your answer and identification of all documents which relate to or support your answer.

**ANSWER:**

**INTERROGATORY #13:**

With regard to the Defendants' administrator, please state the following:

(a) The date on which the administrator became responsible for administering or working on the long-term disability plan;

(b) Describe in detail all of the past and current responsibilities of the administrator with regard to the Defendants' plan; and,

(c) Identify all documents which relate to or describe the responsibility of the Defendants to the Plaintiff.

**ANSWER:**

**INTERROGATORY #14:**

Identify all documents which you propose to introduce as evidence in this case or which you will provide to the court as evidence in this case.

**ANSWER:**

**INTERROGATORY #15:**

Please describe in detail all duties and responsibilities of the Defendants with regard to the administration of the disability plan which is the subject of this litigation. Your answer should include, but is not limited to the following:

(a) Whether each of the Defendants is responsible for granting or denying claims;

(b) Whether or not each Defendant is responsible for drafting any changes and/or amendments to the plan;

(c) Whether or not each Defendant is responsible for adopting any changes or amendments to the plan;

(d) Whether or not each Defendant is responsible for conducting any hearings by plan participants or beneficiaries appealing a decision to deny benefits;

(e) Whether or not each Defendant is responsible for making any interpretations of the plan necessary to a decision to grant or deny benefits; and

(f) Whether or not each Defendant's responsibilities for any of the above have changed over time and, if so, when such changes were made.

**ANSWER:**

**INTERROGATORY #16:**

Please state the reasons for the Defendants' failure or refusal to provide the Plaintiff with

rehabilitative services including payment of his educational, as well as reasonable transportation in connection with the Plaintiff's claim for long term disability benefits.

**ANSWER:**

**INTERROGATORY #17:**

Identify the person and/or entity responsible for providing rehabilitative services on behalf of the Defendants. Your answer should include the names, addresses and telephone numbers of all individuals responsible for these services.

**ANSWER:**

**INTERROGATORY #18:**

Please describe in detail by name, address and telephone number, as well as curricula vitae and/or resume the medical training and medical degrees and medical experience of every individual employed by the Defendants that processed the Plaintiff's claim for long-term disability benefits.

**ANSWER:**

**INTERROGATORY #19:**

If you can do so without a motion to produce, please attach a copy of each qualification, curricula vitae, resume, and/or a biographical sketch of each employee who processed the Plaintiff's claim showing the medical experience of each employee.

**ANSWER:**

**RESPECTFULLY SUBMITTED** this 22nd day of January, 2020.

**KENNETH JANES**

BY: ______________________________

Ameesh A. Kherani, Esquire, BPR #030218
Kherani | Dunaway, PLLC
Attorney for Plaintiff
2620 Mineral Springs Avenue, Suite A
Knoxville, Tennessee 37917
Telephone: (865) 777-0786
Facsimile: (865) 622-8887
Email: akherani@kheranilaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Interrogatories were attached and filed with the original Complaint to be served herein.

This 22nd day of January, 2020.

______________________________
Ameesh A. Kherani
Attorney for the Plaintiff